UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

NELSON BIDO,                          :
       Petitioner,              :
                                 :
  v.                              :     CA 08-399 ML
                                 :
A.T. WALL, et al.,                    :
       Respondents.             :

**MEMORANDUM AND ORDER**
**DENYING MOTIONS TO APPOINT COUNSEL**

    Before the Court are two motions filed by Petitioner Nelson Bido ("Petitioner") requesting that counsel be appointed to represent him in the instant action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. See Petitioner['']s Motion for Appointment of Counsel (Document ("Doc.") #2) ("First Motion"); Motion for Appointment of Counsel (Doc. #6) ("Second Motion") (collectively the "Motions to Appoint Counsel").  In support of his requests, Petitioner states: 1) that he is indigent; 2) that the action, if successful, will result in his release and, therefore, involves his liberty interest; 3) that the Respondents "have unlimited access to all manner of legal resources," First Motion at 1; and 4) that the interest of justice dictates that counsel be appointed.  Petitioner also states that he is untrained in the law and that the action involves "a capit[a]l case."  Second Motion.

    There is no constitutional right to counsel in habeas corpus proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990 (1987); Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002).  Section 3006A allows for the appointment of counsel in a § 2254 action "[w]henever the United States magistrate judge or the court determines that the interests of justice so require ...." 18 U.S.C. § 3006A(a)(2).  In making the discretionary determination whether to appoint counsel, "a court must examine

the total situation, focusing, *inter alia*,[1] on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Manisy v. Maloney, 283 F.Supp.2d 307, 317 (D. Mass 2003)(quoting DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991)).

Petitioner seeks relief based on three grounds: 1) denial of his right to a speedy trial, 2) ineffective assistance of counsel based on counsel's failure to argue the speedy trial issue,[2] and 3) violation of the Interstate Agreement on Detainers ("IAD"). See Petition (Doc. #1) at 16. However, of these three grounds, only the first appears to have been presented to the Rhode Island state courts. See State v. Bido, 941 A.2d 822, 827-30 (R.I. 2008)(addressing denial of speedy trial claim); see also Petition at 2 (listing grounds raised in the appeal). Thus, the Petition is a "mixed petition[]," Rose v. Lundy, 455 U.S. 509, 510, 102 S.Ct. 1198 (1982), meaning that it contains both exhausted and unexhausted claims, see id.

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728 (1999); see also Rhines v. Weber, 544 U.S. 269, 276-77, 125 S.Ct. 1528 (2005)(noting "the importance of Lundy's 'simple and clear instruction to potential litigants: before you bring any claims

---

[1] "Inter alia" means "among other things."

[2] Petitioner alleges that his trial counsel did not raise any speedy trial claim, see Petition (Doc. #1) at 19, and that his appellate counsel, while raising the speedy trial claim on appeal, was ineffective by not arguing that Petitioner's trial counsel was ineffective because of his failure to raise the speedy trial issue and move for dismissal of the indictment, see id.

2

to federal court, be sure that you first have taken each one to state court'")(quoting Rose v. Lundy, 455 U.S. at 520, 102 S.Ct. 1198); McCambridge v. Hall, 303 F.3d 24, 34 (1st Cir. 2002) (explaining that a habeas petitioner "must have fairly presented his claims to the state courts and must have exhausted his state court remedies")(citing 28 U.S.C. § 2254(b(1)(A)[3]).  To exhaust his state remedies, Petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the State's established review process." O'Sullivan v. Boerckel, 526 U.S. at 845, 119 S.Ct. 1728.

It would appear that Petitioner has an avenue available to raise his unexhausted claims, namely by filing an application for post-conviction relief in the Providence County Superior Court and, if he is unsuccessful there, appealing the denial of his application to the Rhode Island Supreme Court.  See State v. Desir, 766 A.2d 374, 375 (R.I. 2001)("The proper avenue by which a defendant must proceed ... when making a claim of ineffective assistance of counsel is an application for postconviction relief, pursuant to G.L. 1956 chapter 9.1 of title 10.").

Because the Petition contains both exhausted and unexhausted claims, Petitioner has a choice.  He can either amend the Petition and remove the unexhausted claims, in which case he may obtain federal review of his exhausted claim, or he may accept dismissal of the Petition without prejudice and return to state court to exhaust those claims.  See Nowaczyk v. Warden, New

---

[3] 28 U.S.C. § 2254 provides in relevant part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--

(A) the applicant has exhausted the remedies available in the courts of the State ....

28 U.S.C. § 2254(b)(1).

3

Hampshire State Prison, 299 F.3d 69, 80 (1st Cir. 2002)("Unless the petitioner agreed to amend the petition to drop the unexhausted claims, the district court had no choice but to delay decision until the prisoner completed the process of exhaustion."); Beauchamp v. Murphy, 37 F.3d 700, 703 (1st Cir. 1994)(noting that prisoner's federal petition "may be dismissed if he failed to present to the state courts *any* of the federal claims now asserted" and explaining that prisoner has "the choice of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims"). If Petitioner opts for dismissal, however, he is advised that he should act promptly in seeking post-conviction relief in the state court and also in returning to this Court if he is unable to obtain relief in the state court.[4]

---

[4] The reason for such promptness was explained by the Supreme Court in Rhines v. Webber:

> As a result of the interplay between [the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")]'s 1-year statute of limitations and [Rose v.] Lundy's dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under Lundy after the limitations period has expired, this will likely mean the termination of any federal review. For example, if the District Court in this case had dismissed the petition because it contained unexhausted claims, AEDPA's 1-year statute of limitations would have barred Rhines from returning to federal court after exhausting the previously unexhausted claims in state court. Similarly, if a district court dismisses a mixed petition close to the end of the 1-year period, the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitations period runs are slim. The problem is not limited to petitioners who file close to the AEDPA deadline. Even a petitioner who files early will have no way of controlling when the district court will resolve the question of exhaustion.

4

Returning now to Petitioner's request for appointment of counsel, if Petitioner chooses to have the Petition dismissed without prejudice so that he may return to state court and exhaust his unexhausted claims, the appointment of counsel in this Court will be a moot issue. If Petitioner chooses to amend his Petition so that it only contains his claim that his right to a speedy trial was denied, it does not appear that the merits of this claim favor the appointment of counsel. The Court reaches this conclusion after reading the Rhode Island Supreme Court's consideration of this claim in State v. Bido, 941 A.2d at 827-30. It also appears, based on his filings in this matter to date, that Petitioner has at least a rudimentary ability to represent himself.

After considering the total situation, the Court is unpersuaded that this is a case where counsel should be appointed. Cf. Ellis v. United States, 313 F.3d 636, 653 (1st Cir. 2002)(stating that § 2255[5] cases where counsel should be

---

> Thus, whether a petitioner ever receives federal review of his claims may turn on which district court happens to hear his case.

544 U.S. at 275, 125 S.Ct. 1528. The Rhines Court noted that one possible solution to this problem was for the district court to stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. See id. at 275-76. However, the Court also cautioned that "stay and abeyance should be available only in limited circumstances," see id. at 277, and that "stay and abeyance is only appropriate when the district court determines there was good cause for petitioner's failure to exhaust his claims first in state court," id. At this point, the question of whether there was good cause for Petitioner's failure to raise his unexhausted claims first in state court is not before the Court.

[5] Section 2255 of Title 28 is the federal counterpart to 28 U.S.C. § 2254. See White v. Lambert, 370 F.3d 1002, 1009 (9th Cir. 2004); Trenkler v. United States, 268 F.3d 16, 22 (1st Cir. 2001) (describing 28 U.S.C. § 2254 as "the state-conviction counterpart of § 2255).

5

appointed "are few and far between"); <u>United States v. Gonzalez-Vazquez</u>, 219 F.3d 37, 42 (1st Cir. 2000)(noting that the circumstances warranting the appointment of counsel in a § 2255 case will be "rare"). Accordingly, the Motions for Appointment of Counsel are DENIED.

So ordered.

ENTER:

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
November 18, 2008