```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND


NELSON BIDO,                       :
            Petitioner,            :
                                   :
    v.                             :        CA 08-399 ML
                                   :
A.T. WALL, et al.,                 :
            Respondents.           :
```

## REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

    Nelson Bido ("Bido" or "Petitioner"), *pro se,* filed a petition for a writ of habeas corpus seeking release from confinement.  See Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Document ("Doc.") #1) ("Petition").  The Attorney General of the State of Rhode Island ("Attorney General" or "Respondent"), designated a party-respondent, filed a motion to dismiss the petition, see Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. #4) ("Motion to Dismiss"), arguing that the Petition is a "mixed" petition containing unexhausted claims, see Memorandum of Law in Support of Motion to Dismiss Petition for Writ of Habeas Corpus ("Respondent's Mem.") at 4-5.  Petitioner subsequently filed Petitioner['|]s Motion to Withdraw the Claims of Unexhausted Issues (Doc. #8) ("Motion to Withdraw"), seeking to withdraw his two unexhausted claims and proceed with the one claim which he has exhausted in the state courts, see Motion to Withdraw.

    The Motion to Withdraw has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  I have determined that no hearing is necessary.  For the reasons that follow, I recommend that the Motion to Withdraw be granted and that Petitioner be allowed to proceed with his exhausted claim.

## Discussion

In the Memorandum and Order Denying Motions to Appoint Counsel (Doc. #7) ("Memorandum and Order of 11/18/08"), the Court noted the presence of both exhausted and unexhausted claims. See Memorandum and Order of 11/18/08 at 2. The Court advised Petitioner that:

> Because the Petition contains both exhausted and unexhausted claims, Petitioner has a choice. He can either amend the Petition and remove the unexhausted claims, in which case he may obtain federal review of his exhausted claim, or he may accept dismissal of the Petition without prejudice and return to state court to exhaust those claims. See Nowaczyk v. Warden, New Hampshire State Prison, 299 F.3d 69, 80 (1st Cir. 2002)("Unless the petitioner agreed to amend the petition to drop the unexhausted claims, the district court had no choice but to delay decision until the prisoner completed the process of exhaustion."); Beauchamp v. Murphy, 37 F.3d 700, 703 (1st Cir. 1994)(noting that prisoner's federal petition "may be dismissed if he failed to present to the state courts *any* of the federal claims now asserted" and explaining that prisoner has "the choice of returning to state court to exhaust his claims or amending or resubmitting the habeas petition to present only exhausted claims"). If Petitioner opts for dismissal, however, he is advised that he should act promptly in seeking post-conviction relief in the state court and also in returning to this Court if he is unable to obtain relief in the state court.

Memorandum and Order of 11/18/08 at 3-4 (footnote omitted).

It appears that Petitioner has chosen to amend his Petition to remove the unexhausted claims rather than return to state court to exhaust those claims. The Court therefore recommends that the Motion to Withdraw be granted and that Petitioner be allowed to proceed in this Court with his exhausted claim.

## Conclusion

For the reasons stated above, I recommend that the Motion to Withdraw be granted and that Petitioner be allowed to proceed

with his exhausted claim.[1]  Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days[2] of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

/s/ David L. Martin
DAVID L. MARTIN
United States Magistrate Judge
January 6, 2009

---

[1] The Court notes that, while Petitioner filed the Motion to Withdraw, he did not file an objection to the portion of the Motion to Dismiss which seeks dismissal of his exhausted claim, see Respondent's Mem. at 5; see also Docket.  The Court additionally recommends that Petitioner be permitted to do so if this Report and Recommendation is adopted, the unexhausted claims are withdrawn, and Petitioner is allowed to proceed with his exhausted claim.  The Motion to Dismiss has been referred to this Magistrate Judge for findings and recommended disposition, see Docket, and will be taken under advisement.

[2] The ten days do not include intermediate Saturdays, Sundays, and legal holidays.  See Fed. R. Civ. P. 6(a).